IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION
CIVIL ACTION NO: 1:23-cv-987

PROGRESSIVE PREMIER INSURANCE COMPANY OF ILLINOIS,

Plaintiff,

v.

KILLIAN PHILIPP AND KNUD PHILIPP,

Defendant.

**COMPLAINT FOR DECLARATORY JUDGMENT**

**NOW COMES** Plaintiff Progressive Premier Insurance Company of Illinois (hereafter "Progressive") and complains of Defendants Killian Philipp and Knud Philipp as follows:

1. This action arises from an incident involving a motorcycle and a phantom motor vehicle that occurred on Interstate 64 near milepost 50 in Institute, Kanawha County, WV on July 24, 2023 (hereafter "Incident").

**Nature of Claim**

2. This is an action pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure in which Progressive seeks a declaratory judgment that there is no coverage available for PART C2 – COMBINED UNINSURED/UNDERINSURED MOTORISTS COVERAGE on Progressive North Carolina Personal Auto Policy # 961147175 (hereinafter "Policy") for claims arising out of the Incident.

**Parties and Jurisdiction**

3. Progressive is a multi-line, multi-state insurer incorporated under the laws of the state of Ohio and with its residence and principal place of business in the state of Ohio.

4. Upon information and belief, Knud Philipp (hereinafter "Knud") is a citizen and resident of Forsyth County, North Carolina.

1

Complaint for Declaratory Judgment – Philipp

Case 1:23-cv-00987-TDS-JLW   Document 1   Filed 11/16/23   Page 1 of 7

5. Upon information and belief, Killian Philipp (hereinafter "Killian") is a citizen and resident of Kanawha County, West Virginia.

6. Upon information and belief, this Court has personal jurisdiction over the Defendants pursuant to N.C. Gen. Stat. §§ 1-75.4(5).

7. Progressive issued the Policy to Knud in Forsyth County, NC on or about August 30, 2022, for the policy period of August 30, 2022, to August 30, 2023.

8. The subject Policy has limits as follows: Combined Uninsured/Underinsured Motorist - $500,000 each person, $500,000 each accident.

9. A true and accurate copy of the Policy is attached as **Exhibit 1**.

10. As of November 3, 2023, Defendant Killian Philipp has filed a bodily injury claim with the N.C. Casualty Group of Progressive.

11. Killian seeks to recover uninsured motorist (UM) benefits under Part C2 of the Policy.

12. This action involves a dispute in excess of $75,000.00.

13. Therefore, this Court has original subject matter jurisdiction under 28 U.S.C. § 1332(a)(1) ("Diversity of citizenship; amount in controversy; costs").

14. As Knud is a resident of Forsyth County and Progressive issued the Policy in Forsyth Couty, Winston-Salem is the proper division for the United States District Court for the Middle District of North Carolina.

15. An actual controversy exists concerning the applicable law governing the Policy and the applicability of the Policy to Killian's bodily injury claim.

**Facts**

16. This Incident involves a 2012 Ducati Multistrada 1200 motorcycle (VIN

ZDM12BLW5CB014581) (hereinafter "Ducati") driven by Killian, and a phantom motor vehicle.

17. Upon information and belief, Killian was operating the Ducati along the entrance ramp westbound on Interstate 64 on July 24, 2023.

18. Upon information and belief, another motor vehicle attempted to merge onto the entrance ramp on Interstate 64 at the same time as Killian.

19. Defendant Killian asserts that the phantom motor vehicle was a Kia Optima.

20. Upon information and belief, in an attempt to avoid the phantom vehicle, Killian drove his Ducati onto the far-right shoulder of the entrance ramp.

21. In doing so, Killian lost control of the Ducati, struck a guardrail, and was ejected from the Ducati.

22. Upon information and belief, neither Killian nor the Ducati came into contact with the phantom motor vehicle.

23. Upon information and belief, the operator of the phantom motor vehicle drove away from the scene.

24. Upon information and belief, the Kanawha Police Department have not been able to locate the phantom vehicle and the owner or operator of the vehicle cannot be ascertained.

25. A West Virginia Uniform Traffic Crash Report was generated following the Incident.

26. A true and accurate copy of the West Virginia Uniform Traffic Crash Report accident report is attached as **Exhibit 2**.

27. The Narrative included on the West Virginia Uniform Traffic Crash Report states that "[t]he driver of the motorcycle stated he moved to the far right shoulder of the entrance ramp in an attempt to avoid being struck by the vehicle." (*See* **Ex. 2**.)

3

Complaint for Declaratory Judgment – Philipp
Case 1:23-cv-00987-TDS-JLW   Document 1   Filed 11/16/23   Page 3 of 7

28. Prior to the Accident, the Ducati was listed on the Policy.

29. Defendant Knud Philipp was listed as a named insured on the Policy.

30. Defendant Killian Philipp was listed on the Policy under "Drivers and household residents." (*See* **Ex. 1**, p. 1.)

31. The Policy is a personal auto policy issued in North Carolina and under the laws of the state of North Carolina. (*See* **Ex. 1**.)

32. The Policy contains the following language:

### PART C2 – COMBINED UNINSURED/UNDERINSURED MOTORISTS COVERAGE

### INSURING AGREEMENT – UNINSURED MOTOR VEHICLE

**Uninsured motor vehicle** means a land motor vehicle or trailer of any type. . .

3. Which, with respect to damages for **bodily injury** only, is a hit-and-run vehicle whose operator or owner cannot be identified and which hits:
   a. you or any **family member**;
   b. a vehicle which you or any **family member** are **occupying**; or
   c. **your covered auto**.

(**Ex. 1**, p. 21.) (**Bold** emphasis in original; underline emphasis added.)

### FIRST CLAIM FOR RELIEF
(No Coverage – Uninsured Motorists Policy Limits)

33. The previous paragraphs are re-alleged and incorporated herein by reference.

34. After the Accident, Killian notified Progressive of a claim for UM benefits under Part C2 of the Policy.

35. Progressive asserts that North Carolina law applies to the coverage determination for the Incident and is the controlling law that should be used to define the rights and interests of the parties to the Policy.

36. The North Carolina Financial Responsibility Act states:

> Where the insured, under the uninsured motorist coverage, claims that he has sustained bodily injury **as the result of collision between motor vehicles** and asserts that the identity of the operator or owner of a vehicle (other than a vehicle in which the insured is a passenger) cannot be ascertained, the insured may institute an action directly against the insurer: Provided, in that event, the insured, or someone in his behalf, shall report the accident within 24 hours or as soon thereafter as may be practicable, to a police officer, peace officer, other judicial officer, or to the Commissioner of Motor Vehicles.

N.C.G.S. § 20-279.21(b)(3)(b) (emphasis added).

37. In accordance with the Policy and North Carolina law, coverage for UM benefits under Part C2 is not available for injuries and damages sustained by Killian in this Incident.

38. Progressive has adverse interests to Defendants.

39. An actual controversy exists between Progressive and Defendants.

40. The controversy is of sufficient immediacy to warrant issuance of a declaratory judgment.

## CONCLUSION

41. Upon information and belief, Defendants contend that Killian is entitled to recover UM benefits under Part C2 of the Policy.

42. Progressive denies that coverage is available under Part 2C and denies that it has exposure under the Policy issued to the Defendant Knud.

43. Upon information and belief, this Incident and Killian's alleged injuries are not the result of a collision between motor vehicles.

44. Therefore, the Policy does not provide coverage under Part C2 (Combined Uninsured/Underinsured Motorists Coverage).

**WHEREFORE**, Progressive prays the Court for the following relief:

1. That the Court issue a judgment in Progressive's favor, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, declaring that there is no uninsured

motorist coverage on policy # 961147175 for the Defendant Killian's claim for bodily injury arising out of the Accident.

2. That there be a trial by jury on all issues of fact; and

3. That the Court award any additional relief that it deems just and proper.

**This the 16th day of November, 2023.**

/s/ <u>Allen C. Smith</u>
**ALLEN C. SMITH**
**NC State Bar No. 19286**
*Hedrick Gardner Kincheloe & Garofalo, LLP*
**4201 Congress Street, Suite 300**
**Charlotte, NC 28209**
**PH: 704-319-5449**
**FAX: 704-602-8164**
**Email: acsmith@hedrickgardner.com**

*Attorneys for Plaintiff Progressive Premier Insurance Company of Illinois*

# CERTIFICATE OF SERVICE

I hereby certify that on November 16, 2023 I electronically filed the foregoing *Complaint for Declaratory Judgment* with the Clerk of Court using the CM/ECF system which will send notification of filing to all counsel of Record and I hereby certify that I have mailed the document to the following non-CM/ECF participants:

Knud Phillip
410 Dogwood TRL
Kernersville, NC 27284

Killian Phillip
2003 Lakewood Drive
Saint Albans, WV 25177

**HIS THE 16TH DAY OF NOVEMBER, 2023.**

>/s/ Allen C. Smith
>ALLEN C. SMITH
>NC State Bar No. 19286
>*Hedrick Gardner Kincheloe & Garofalo, LLP*
>4201 Congress Street, Suite 300
>Charlotte, NC 28209
>PH:     704-319-5449
>FAX:   704-602-8164
>Email: acsmith@hedrickgardner.com
>
>*Attorneys for Plaintiff Progressive Premier Insurance Company of Illnois*