IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| PROGRESSIVE PREMIER INSURANCE COMPANY OF ILLINOIS,<br><br>                                  Plaintiff,<br>v.<br>KILLIAN PHILIPP AND KNUD PHILIPP,<br><br>                                  Defendants. | 1:23-CV-987 |

### JUDGMENT

This matter is before the court on motion of the Plaintiff, Progressive Premier Insurance Company of Illinois, pursuant to Federal Rule of Civil Procedure 55(b)(2) for Default Judgment against Defendants Killian Philipp and Knud Philipp. After review of the pleadings and Plaintiff's Memorandum of Law in Support of Default Judgment, the court makes the following:

### FINDINGS OF FACT

1. Plaintiff instituted this action on November 16, 2023, by filing a complaint for declaratory judgment in this court. The court has jurisdiction over the subject matter of this action.

2. Plaintiff is a multi-line, multi-state insurer incorporated under the laws of the state of Ohio and with its residence and principal place of business in the state of Ohio.

3. Defendant Knud Philipp is a citizen and resident of Forsyth County, North Carolina.

4. Defendant Killian Philipp is a citizen and resident of Kanawha County, West Virginia.

5. The court has personal jurisdiction over the Defendants pursuant to N.C. Gen. Stat. §§ 1-75.4(5).

6. On November 17, 2023, Plaintiff had a summons issued against the Defendants.

7. On November 20, 2023, Defendant Killian Philipp was served with the complaint and summons via certified mail, as shown in the Affidavit of Service. (Doc. 6.)

8. On November 20, 2023, Defendant Knud Philipp was served with the complaint and summons via certified mail, as shown in the Affidavit of Service. (Doc. 6.)

9. The action arises from an incident involving a motorcycle and a phantom motor vehicle that occurred on Interstate 64 near milepost 50 in Institute, Kanawha County, West Virginia, on July 24, 2023 (hereafter "Incident").

10. Subsequently, the Defendants filed a bodily injury claim with the North Carolina Casualty Group of Progressive under a Progressive North Carolina Personal Auto Policy # 961147175 (hereinafter "Policy") for claims arising out of the Incident.

11. Personal jurisdiction was acquired over the Defendants by service of process in the manner described above and pursuant to N.C. Gen. Stat. §§ 1-75.4(5). Venue is proper, as this action concerns an automobile insurance policy issued to Defendant Knud Philipp in Forsyth County, North Carolina.

12. The Defendants' time for filing an answer or other responsive pleading to the Plaintiff's complaint for declaratory judgment has expired, and Defendants have not filed an answer, sought extension, or made any other response to the Plaintiff's complaint.

13. The Plaintiff filed a motion for entry of default against the Defendants on December 20, 2023. (Doc. 7.)

14. The Clerk of Court entered Default against the Defendants on December 20, 2023. (Doc. 8.)

15. The Plaintiff subsequently filed a motion for default judgment against the Defendants on January 26, 2024. (Doc. 9.)

Based upon the foregoing Findings of Fact, the court makes the following:

**CONCLUSIONS OF LAW**

1. There is a real controversy between the parties, as required by 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57.

2. In accordance with North Carolina's choice-of-law principles, North Carolina law governs the interpretation of the Policy. The Policy was entered into within North Carolina, and North Carolina holds a substantial interest in deciding the interpretation of contracts entered into within the State.

3. As such, the North Carolina Financial Responsibility Act requires a party seeking to recover uninsured motorist coverage to

3

show that he sustained bodily injury "as the result of a collision between motor vehicles." N.C. Gen. Stat. § 20-279.21(b)(3)(b).

4. The underlying Incident did not involve a collision between motor vehicles. Andersen v. Baccus, 439 S.E.2d 136 (N.C. 1994) (requiring contact between vehicles to obtain relief under N.C. Gen. Stat. § 20-279.21).

5. As a result, Plaintiff is entitled to default judgment, as provided by Federal Rule of Civil Procedure 55, and a declaratory judgment in its favor, as provided by Federal Rule of Civil Procedure 57.

Based upon the foregoing Findings of Fact and Conclusions of Law,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that:

1. Plaintiff's Motion for Default Judgment is GRANTED; and

2. There is no uninsured motorist coverage on policy # 961147175 for Defendant Killian Philipp's claim for bodily injury arising out of the incident that occurred on Interstate 64 near milepost 50 in Institute, Kanawha County, West Virginia, on July 24, 2023.

                                                    /s/   Thomas D. Schroeder
                                               United States District Judge
February 21, 2024